UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM SCHMIDT,<br><br>           Plaintiff,<br><br>     v.<br><br>CHARLES WASHINGTON,<br><br>           Defendant. | CASE NO. C12-1116 MJP<br><br>ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT |

This comes before the Court on Plaintiff's motion to remand (Dkt. No. 5) and Defendant's motion for a more definite statement. (Dkt. No. 4.) Having reviewed the motions, the responses (Dkt. Nos. 7 and 8), the replies (Dkt. No. 10), and all related filings, the Court DENIES Plaintiff's motion to remand and GRANTS Defendant's motion for a more definite statement.

**Background**

Plaintiff William Schmidt ("Schmidt") filed an action against Charles Washington ("Washington") in King County's Small Claims Court for "theft and conversion of property." (Dkt. No. 1-1.) The "Notice of Small Claim" does not contain any factual or legal basis for its

1 allegation, but asserts Washington owes Plaintiff $1,977.87 as of June 1, 2012. Since
2 Washington is a Revenue Officer with the Internal Revenue Service ("IRS"), the United States
3 removed the action under 28 U.S.C. §§ 2679(d)(2) and 1442(a)(1).

**Analysis**

A. <u>Plaintiff's motion to remand</u>

6 Schmidt seeks to remand, arguing the United States was not properly substituted as
7 Defendant and the Court lacks jurisdiction over the matter.

8 Under the Federal Tort Claims Act, any civil action commenced in a state court shall be
9 removed to the U.S. district court upon the Attorney General's certification that the defendant
10 employee was acting within the scope of his office or employment. 28 U.S.C. § 2679(d)(2). The
11 Attorney General's certification "conclusively establish[es] [the] scope of office or employment
12 for purposes of removal" and is prima facie evidence that substitution by the United States is
13 proper. <u>Billings v. United States</u>, 57 F.3d 797, 800 (9th Cir. 1995). The party seeking review
14 bears the burden of disproving the Attorney General's certification by a preponderance of the
15 evidence. <u>Id.</u>

16 Here, the United States Attorney for the Western District of Washington certified that
17 Defendant Charles Washington was an employee of the Internal Revenue Service and was acting
18 within the scope of his employment at all relevant times. (Dkt. No. 2-1.) This conclusively
19 establishes the action was properly removed to the United States District Court. While Schmidt
20 argues the Internal Revenue Service is not a part of the United States government and that King
21 County is not within the Western District of Washington, Schmidt's arguments are unpersuasive.
22 First, there is no question that the Internal Revenue Service is a government agency as it is a
23 bureau of the Department of Treasury and authorized by statute. 26 U.S.C. § 7803. Second,
24

venue is proper because the State of Washington has been a part of the United States since 1889. The Enabling Act of 1889, ch. 180, 25 Stat. 676 (1889). Section 21 of the Enabling Act established the United States District Court for the District of Washington, which was later divided into an Eastern District and a Western District. As provided by statute, the Western District of Washington includes King County. 28 U.S.C. § 128.

Since the IRS is a government agency and the Attorney General certifies that Defendant was acting within the scope of his employment as a Revenue Officer, the Court finds removal was proper and DENIES Schmidt's motion to remand.

B. <u>Defendant's motion for a more definite statement</u>

Defendant moves for a more definite statement. Schmidt refused to respond based on his objections to removal.

Under the Federal Rules, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, Schmidt's complaint does not meet federal standards. Schmidt's pleading appears to be a state-issued "Notice of Small Claim" form, which provides his name, his address, the amount claimed, and the nature of the claim. (Dkt. No. 1-1.) While this may have sufficed in state court, the Federal Rules require more. Schmidt's pleading must set forth allegations that would support his claims of theft and conversion of property. Since this action is properly before this Court and federal standards now apply, the Court ORDERS Plaintiff to file an amended complaint complying with the Federal Rules of Civil Procedure. The amended complaint must be filed within thirty (30) days of this order; failure to do so may result in dismissal of this action without prejudice. For assistance, the Court refers Schmidt to the Court's Pro Se Handbook, which is located at www.wawd.uscourts.gov/documents/ReferenceMaterials/Publications/ProSeManual.pdf.

**Conclusion**

The Court DENIES Plaintiff's motion to remand and GRANTS Defendants' motion for a more definite statement. Plaintiff is ORDERED to file an amended complaint within thirty (30) days of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 7th day of August, 2012.

Marsha J. Pechman
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO
REMAND AND DEFENDANT'S MOTION FOR A
MORE DEFINITE STATEMENT- 4