UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM SCHMIDT,

Plaintiff,

v.

UNITED STATES OF AMERICA, as substituted party for CHARLES WASHINGTON,

Defendant.

CASE NO. C12-1116 MJP

ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on Defendant's motion to dismiss. (Dkt. No. 24.) Having reviewed the motion, Plaintiff's response (Dkt. No. 25), and all related filings, the Court GRANTS the motion and DISMISSES the action.

**Background**

Plaintiff William Schmidt, proceeding *pro se*, filed an action in King County's Small Claims Court against Charles Washington, a revenue officer with the Internal Revenue Service. Plaintiff asserted claims for "theft and conversion of property." Plaintiff provided no other factual allegations. Because Washington is a Revenue Officer with the Internal Revenue Service ("IRS"), the United States removed the action under 28 U.S.C. §§ 2679(d)(2) and 1442(a)(1).

(Dkt. No. 1.) It also filed a Notice of Substitution and Certification of Scope of Employment. (Dkt. No. 2.) Defendant also successfully moved for a more definite statement of Plaintiff's claims.

Plaintiff filed an amended complaint asserting claims under the Federal Tort Claims Act. (Dkt. No. 21.) The amended complaint alleges numerous legal theories challenging the validity of the IRS actions. First, Plaintiff claims Mr. Washington had no authority to collect his outstanding federal income taxes because, among other things, "the IRS is not authorized to do business in Washington" and Mr. Washington is not an agent for the IRS but "a Revenue Agent for the Commonwealth of Puerto Rico Department of Treasury." (Id. at ¶ 5.) Plaintiff also claims, as a Washington resident, he is not subject to federal taxes or that federal taxes are voluntary. (Id. at ¶¶ 4, 11-12, 17, 18-23, 28-29, 36, 44-45, 47-48, 53-56, 61-62, 67-70.) Defendant also asserts the particular tax imposed by the IRS is unlawful because the eighteenth amendment to the U.S. Constitution repealed it. (Id. at ¶17.). For these purported wrongs, he demands $100,000 in putative damages, an injunction preventing the IRS from collecting his outstanding federal liabilities, and the termination of Mr. Washington from his IRS employment. (Id. at 19-20.)

Defendant now moves to dismiss the amended complaint arguing this Court lacks subject matter jurisdiction and Plaintiff has failed to state a claim upon which relief may be granted. (Dkt. No. 24.)

## Analysis

### A. Legal Standard

When considering motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to

draw all reasonable inferences there from in favor of the plaintiff." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 663 (9th Cir. 1998). Facts alleged in the complaint are assumed to be true. See Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1030 n. 1 (9th Cir. 2002). A complaint must provide more than a formulaic recitation of the elements of a cause of action and must assert facts that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

**B. Subject Matter Jurisdiction**

Defendant moves to dismiss, arguing this Court lacks subject matter jurisdiction over the action because the United States has not waived sovereign immunity, which precludes Plaintiff's claims. In his Complaint, Plaintiff asserts that "28 U.S.C. §1346(a)(1) and 26 U.S.C. 7433 confers jurisdiction upon this Court and waives the sovereign immunity of the United States regarding claims for sums wrongfully collected under the internal revenue laws." (Dkt. No. 21 at 1.)

Dismissal is proper under 12(b)(1) if this Court does not have subject matter jurisdiction over the claims asserted in Plaintiff's complaint. Morrison v. Nat'l Austl. Bank Ltd., —— U.S. ——, 130 S.Ct. 2869 (2010) ("Subject-matter jurisdiction, by contrast, refers to a tribunal's power to hear a case."). "[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). Plaintiff has the burden of proving jurisdiction in order to survive Defendant's motion to dismiss. Kingman Reef Atoll Investments, L.L.C. v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008).

In an action against the United States, Plaintiff must establish that Congress explicitly waived sovereign immunity. Arford v. United States, 934 F.2d 229, 231 (9th Cir. 1991). In other words, the United States must consent to be sued in order for this Court to have subject-matter jurisdiction. Id.

Sovereign immunity bars Plaintiff's claims. Miller v. United States, 66 F.3d 220, 223 (9th Cir. 1995). Contrary to Plaintiff's contentions, neither 28 U.S.C. §1346(a)(1) nor 26 U.S.C. §7433 provides a waiver of sovereign immunity under these circumstances. Flora v. United States, 362 U.S. 145, 177 (1960) (construing 28 U.S.C. §1346(a)(1) as requiring full payment of an assessment against a taxpayer before a refund suit can be maintained in district court); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1992) (failure to exhaust administrative remedies is jurisdictional). Because Plaintiff fails to establish he fully paid the tax assessment or that he exhausted administrative remedies, this Court lacks subject-matter jurisdiction over his claims.

**C. Failure to State a Claim**

Even if subject matter jurisdiction exists, dismissal is still warranted because Plaintiff fails to state any cognizable legal claim. Plaintiff offers numerous legal theories about the authority of the IRS. But none of these claims has an arguable basis in either fact or law. They are consequently frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Plaintiff's belief that he should be immune from federal tax law or that the IRS lacks authority to collect taxes is completely without legal merit, and federal courts universally reject the types of arguments Plaintiff is making here. See In re Becraft, 885 F.2d 547, 548 n. 2 (9th Cir. 1989) ("We hardly need comment on the patent absurdity and frivolity of such a proposition."); Wilcox v. Comm'r, 848 F.2d 1007, 1008 (9th Cir. 1988); Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985) ("Like

it nor not, the Internal Revenue Code is the law[.]"). Because no legal basis exists for Plaintiff's claims, the action is dismissed.

Although Mr. Schmidt is *pro se*, he is, nonetheless, required to comply with the requirements under the Federal Rules of Civil Procedure that claims are supported by existing law, the factual contentions have evidentiary support, and are not presented for an improper purpose. Fed. R. Civ. P. 11(b); Warren v. Guelker, 29 F.3d 1386, 1388 (9th Cir. 1994) (Civil Rule 11 pleading requirements and sanctions apply to *pro se* litigants). Mr. Schmidt is notified that, pursuant to Rule 11(c), future filings containing frivolous legal arguments or factual contentions without evidentiary support, like the claims asserted here, may lead to sanctions which may include payment of a penalty as well as reasonable attorney's fees and other expenses.

**Conclusion**

Despite this Court affording Plaintiff two opportunities to plead his case, he has failed to establish this Court's jurisdiction over these claims and failed to state a claim upon which relief may be granted. The Court therefore, GRANTS Defendant's motion. (Dkt. No. 24.) Plaintiff's claims are DISMISSED with prejudice, because amendment would be futile.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 30th day of November, 2012.

Marsha J. Pechman
Chief United States District Judge